## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MICHAEL AMATO,
JOY MONSANTO,
50's LOUNGE, LLC,                          :            CV_____
    Plaintiffs,
                              :
v.                                         :
                              :
MAYOR JUSTIN ELICKER,
MAYOR'S REPRESENTATIVE,
GOVERNOR NED LAMONT
                              :
    Defendants.                            :            April 3, 2020

## <u>COMPLAINT</u>

1. This is an action that demonstrates the vital need, even in these unprecedented times, to scrutinize the motives and rationales given by leaders who ask for public sacrifices of civil liberties. It is also an action for declaratory and injunctive relief and money damages alleging defamation, invasion of privacy by false light, violations of CONSTITUTIONAL RIGHTS, intentional infliction of emotional distress, and reckless infliction of emotional distress against the Defendants for their campaign of defamation against the plaintiffs and their restaurant business. The plaintiffs seek money damages as to each defendant.

## <u>PARTIES</u>

2. The Plaintiff Joy Monsanto is an adult resident of the State of Connecticut.

3. The Plaintiff Michael Amato is an adult resident of the State of Connecticut.

4. The Plaintiff 50's Lounge, LLC (hereinafter "50's Lounge"), is a business incorporated, operating, and located in the State of Connecticut.

5. Defendant Mayor Justin Elicker was at all times relevant to this Complaint, and he remains, an adult resident of the State of Connecticut and the mayor of the City of New Haven.  He is sued in his individual and official capacity

6. Defendant Mayor's Representative who Sent Blurred Photo to WTNH was at all times relevant to this Complaint, and remains, an adult resident of the State of Connecticut and a member of the Mayor's Office, and is sued in his individual and official capacity.

7. Defendant Ned Lamont is the government of the state of Connecticut and is sued in his individual and official capacity.

8. Jurisdiction of this Court is invoked under the provisions of §§1331, 1343(3) and 1367(a) of Title 28 and §§1983 and 1988 of Title 42 of the United States Code.

## FACTUAL ALLEGATIONS

### Defendants Elicker and Mayor Representative Target 50's Lounge

9. At all times relevant to this complaint, the plaintiffs Monsanto and Amato owned and operated 50's Lounge.

10. For many years, the Plaintiffs have specialized in blight-busting development and community renewal projects.  As a female of color, Monsanto confronted racism and adversity in opening her restaurant, 50's Lounge, in the Westville neighborhood.

11. Nevertheless, she persisted and in 2017 obtained a special exception to open a restaurant with a full-service liquor license, allowing her to realize her dream of serving chef-cooked entrees at reasonable prices while hosting local artists in an on-site gallery.

12. Since 2017, 50's Lounge has served the community without incident or controversy and established a reputation for affordable fine-dining in an area once infamous for dereliction.  The establishment has also hosted events for political opponents of the Defendant, Mayor Justin Elicker.

13. In March 2020, as the Coronavirus crisis began to take hold in Connecticut, the Plaintiffs began to consider the best course of action for their business, their employees, and the community they served.  Following much deliberation, the Plaintiffs determined to fulfill their existing commitments (including a birthday party that had already been booked for Saturday, March 14) and then close 50's Lounge for business on March 15, 2020.

14. Nonetheless, on Monday, March 16, 2020, apparently following a meeting attended by Mayor Elicker and his staff, Plaintiff Monsanto began receiving calls from concerned citizens, elected officials, and newspaper reporters inquiring as to why 50's Lounge remained open and hosting large gatherings.  Monsanto indicated to these callers that 50's Lounge was in fact closed and had been since March 15, a voluntary closure implemented to help flatten the curve of the coronavirus outbreak despite the fact that, at that time, gatherings of fifty people were still allowed.

15. The Plaintiffs were therefore stunned and pained on Thursday, March 20, 2020 to see and hear Mayor Elicker on a WTNH broadcast claim that 50's Lounge was endangering the health and welfare of its community and customers by breaking the new law regarding crowd sizes being limited to no more than ten people (hereinafter "the ten-person order").

16. According to the WTNH broadcast, a representative for Mayor Elicker had sent WTNH a photograph taken inside 50's Lounge that Elicker claimed was the impetus for him "to take action."  The photo shown on the broadcast had the date blurred out; however, the Plaintiffs recognized the photo as having been taken many days earlier, at a party held at 50's Lounge prior to its closing and prior to the ten-person order.

17. Nonetheless, in the course of the WTNH broadcast the Mayor was seen and heard standing in front of City Hall and declaring that he had "just sent a police officer to Nica's..." and had "...complaints about 50's on Fitch..." and that he would "*continue to highlight the business that are not complying with our orders...Call police if you see anyone breaking the rules...you need to cooperate to keep your customers and community safe.*"

18. Rather than rising to the opportunity to lead during a legitimate health crisis, Mayor Elicker instead weaponized growing fears about the pandemic to brutally attack the Plaintiffs' and their business in a vulnerable time, hoping to curry favor with certain sectors of the electorate who had opposed the Plaintiffs' establishment, while simultaneously seeking retribution for the Plaintiffs' support of his political rivals. The Defendants knew that the Plaintiffs had closed proactively on March 15, and yet they accused the Plaintiffs of criminal conduct in an outrageous effort to not only directly interfere with the Plaintiffs' business, but to cripple it entirely.

### *Defendant Lamont Shuts Down Connecticut Businesses*

19. On March 12, 2020, Connecticut Governor Ned Lamont issued an executive order banning large gatherings of 250 people or more for social and recreational events including community and civic events.

20. On March 16, 2020, Governor Lamont further cracked down on gatherings by banning all gatherings of 50 people or more. In the same order, Governor Lamont ordered all restaurants and bars to close their on-premises operations and limiting them to selling food and non-alcoholic beverages for off-premises consumption.

21. On March 19, 2020, Governor Lamont modified his March 16th order to allow restaurants and bars to sell alcohol for off premises consumption provided that it was sold in a sealed container and that it accompanied an order of food.

22. On March 26, 2020, Governor Lamont continued his crackdown on gatherings of people by banning all gatherings of people that exceeded five in number, except for religious and social gatherings.

**Count One – Defamation as to Defendant Elicker and Defendant Mayor Representative**

23. Paragraphs 1 through 18 are incorporated herein.

24. Defendants Elicker and Mayor Representative (hereinafter, the "Municipal Defendants") had no personal knowledge that the plaintiffs were operating their business in violation of any laws, orders, or regulations.

25. The Municipal Defendants knowingly made false allegations of criminal misconduct against the plaintiffs to all viewers of the WTNH broadcast, and has since repeated these defamatory statements to any number of individuals, resulting in a loss of reputation and business as well as the plaintiffs being viewed with suspicion by a number of friends and acquaintances, and suffering severe emotional distress and anguish.

26. The Municipal Defendants fabricated allegations of criminal violations which caused irreparable injury to the plaintiffs' reputations and directly interfered with their

business.  These statements alleged criminal misconduct and were thus defamatory per se.

27. The Municipal Defendants' actions were inspired by actual malice against the plaintiffs.

**Count Two – Intentional infliction of Emotional Distress as to Defendant Elicker and Defendant Mayor Representative**

28. Paragraphs 1 through 18 and 23 through 27 of this Complaint are incorporated herein.

29. The acts and omissions of the municipal defendants were intended to inflict emotional distress and were outrageous and beyond the bounds of conduct tolerated in civilized society.

30. And as a direct and proximate result of the acts and omissions described herein, the plaintiffs Monsanto and Amato suffered extreme emotional distress.

**Count Three – Negligent Infliction of Emotional Distress as to Defendant Elicker and Defendant Mayor Representative**

31. Paragraphs 1 through 18 and 23 through 30 of this Complaint are incorporated herein.

32. The acts and omissions of the municipal defendants created an unreasonable risk of causing the Plaintiffs emotional distress.

33. It was foreseeable that the acts and omissions herein described would cause the plaintiff to suffer severe emotional distress.  The emotional distress was severe enough that it might, and in fact did, result in illness or bodily harm.

34. As a direct and proximate result of the acts and omissions of the municipal defendants as herein described, the plaintiffs suffered great emotional distress.

**Count Four – Invasion of Privacy By False Light as to Defendant Elicker and Defendant Mayor Representative**

35. Paragraphs 1 through 18 and 23 through 34 of this Complaint are incorporated herein.

36. The Municipal Defendants' acts and omissions unreasonably placed the Plaintiffs in a false light before the public, and the false light in which the plaintiff was placed would be highly offensive to a reasonable person.

37. The Municipal Defendants had knowledge of, or acted in reckless disregard as to, the falsity of the publicized matter and the false light in which the plaintiffs would be placed by his false allegations of criminal conduct.

38. The acts of the Municipal Defendants were intentional and were inspired by actual malice.

39. The acts of the Municipal Defendants were intended to, and did, directly interfere with the Plaintiffs' business.

**Count Five – Violation of Constitutional Rights of Assembly as to Defendant Elicker**

40.  Paragraphs 1 through 18 and 23 -39 of this Complaint are incorporated herein.

41. Defendant Elicker's ten-person order is an unconstitutional restriction on the Plaintiffs' liberty and right to assemble under the First Amendment to the United States Constitution because it is neither necessary nor carefully tailored to address the purported public health need.

42. Defendant Elicker's ten-person order is an unconstitutional restriction on the Plaintiffs' liberty and right to assemble under Article the First, Section 14 of the Connecticut Constitution because it is neither necessary nor carefully tailored to address the purported public health need.

**Count Six - Violation of Constitutional Rights To Freedom of Association as to Defendant Elicker**

43. Paragraphs 1 through 18 and 23 through 42 of this Complaint are incorporated herein.

44. Defendant Elicker's ten-person order is an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to freely associate with her customers and her friends, thus violating the First Amendment to the United States Constitution.

45. Defendant Elicker's ten-person order is an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to freely associate with her customers and her friends, thus violating the Ninth Amendment to the United States Constitution.

46. Defendant Elicker's ten-person order is an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to freely associate with her customers and her friends, thus violating the Fourteenth Amendment to the United States Constitution.

47. Defendant Elicker's ten-person order is an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to freely associate with her customers and her friends, thus violating the Fourteenth Amendment to the United States Constitution.

48. Defendant Elicker's ten-person order is an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to freely associate with her customers and her friends, thus violating Article the First, Section 8 of the Connecticut Constitution.

49. Defendant Elicker's ten-person order is an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to freely associate

with her customers and her friends, thus violating Article the First, Section 14 of the Connecticut Constitution.

**Count Seven - Violation of Constitutional Rights To Equal Protection of the Law as to Defendants Elicker And Defendant Mayor Representative**

50. Paragraphs 1 through 18 and 23 through 49 of this Complaint are incorporated herein.

51. Plaintiff Joy Monsanto is a successful businesswoman of color.

52. She and Plaintiff Michael Amato have made a successful career out of rebuilding blighted neighborhoods and giving back to their communities.

53. Those communities include communities consisting primarily of individuals of color.

54. Plaintiff Monsanto has encountered significant racially-motivated opposition against her personally regarding the 50's Lounge project.

55.  The Plaintiffs have also hosted events for political opponents of Defendant Elicker.

56. The Municipal Defendants publicly slandered and defamed the Plaintiffs because, at least in part, of Plaintiff Monsanto's race and the Plaintiffs' actions in restoring minority communities and supporting political opponents of Defendant Elicker.

57. The Municipal Defendants' actions violate the Plaintiffs' rights to equal protection of the law under the Fourteenth Amendment to the United States Constitution and Article the First, Section 20 of the Connecticut Constitution.

**Count Eight – Violation of Constitutional Rights of Assembly as to Defendant Ned Lamont**

58. Paragraphs 1 through 22 of this Complaint are incorporated herein.

59. Defendant Ned Lamont's orders limiting the number of people who may attend a gathering are unconstitutional restrictions on the Plaintiffs' liberty and right to assemble under the First Amendment to the United States Constitution because it is neither necessary nor carefully tailored to address the purported public health need.

60. Lamont's orders limiting the number of people who may attend a gathering are unconstitutional restrictions on the Plaintiffs' liberty and right to assemble under Article the First, Section 14 of the Connecticut Constitution because it is neither necessary nor carefully tailored to address the purported public health need.

## Count Nine – Violation of Constitutional Rights of Freedom of Association as to Defendant Ned Lamont

61. Paragraphs 1 through 22 and 58 through 60 of this Complaint are incorporated herein.

62. Lamont's orders limiting the number of people who may attend a gathering are an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to freely associate with her customers and her friends, thus violating the First Amendment to the United States Constitution.

63. Lamont's orders limiting the number of people who may attend a gathering is an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to freely associate with her customers and her friends, thus violating the Ninth Amendment to the United States Constitution.

64. Lamont's orders limiting the number of people who may attend a gathering is an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to freely associate with her customers and her friends, thus violating the Fourteenth Amendment to the United States Constitution.

65. Lamont's orders limiting the number of people who may attend a gathering is an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to freely associate with her customers and her friends, thus violating the Fourteenth Amendment to the United States Constitution.

66. Lamont's orders limiting the number of people who may attend a gathering is an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to freely associate with her customers and her friends, thus violating Article the First, Section 8 of the Connecticut Constitution.

67. Lamont's orders limiting the number of people who may attend a gathering is an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to freely associate with her customers and her friends, thus violating Article the First, Section 14 of the Connecticut Constitution.

**Count Ten – Violation of Constitutional Rights of The Right To Pursue A Living as to Defendant Ned Lamont**

68. Paragraphs 1 through 22 and 58 through 67 of the Complaint are incorporated herein.

69. Lamont's order limiting the activities of businesses and deciding which businesses can remain open based on their purposes is an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to pursue an honest living, thus violating the Fourteenth Amendment to the United States Constitution.

70. Lamont's order limiting the activities of businesses and deciding which businesses can remain open based on their purposes is an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to pursue an honest living, thus violating Article IV, Section 2 of the United States Constitution.

71. Lamont's order limiting the activities of businesses and deciding which businesses can remain open based on their purposes is an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to pursue an honest living, thus violating Article IV, Section 2 of the United States Constitution.

72. Lamont's order limiting the activities of businesses and deciding which businesses can remain open based on their purposes is an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to pursue an honest living, thus violating Article the First, Section 8 of the Connecticut Constitution.

### Count Eleven – Violation of Constitutional Rights of The Right To Receive Compensation For A Taking of Property as to Defendant Ned Lamont

73. Paragraphs 1 through 22 and 58 through 72 of the Complaint are incorporated herein.

74. Lamont's order limiting the activities of businesses and deciding which businesses can remain open based on their purposes regulates the use of private property to such a degree that it effectively deprives the Plaintiffs of the economically reasonable use of their property to the point where it deprives them of the value of their property, thus violating the Fifth and Fourteenth Amendments to the United States Constitution.

75. Lamont's order limiting the activities of businesses and deciding which businesses can remain open based on their purposes regulates the use of private property to such a degree that it effectively deprives the Plaintiffs of the economically reasonable use of their property to the point where it deprives them of the value of their property, thus violating Article the First, Section 11 of the Connecticut Constitution.

### Damages and Injunctive Relief

76. As to Counts One through Four, the plaintiffs seek damages for emotional distress.

77. As to Counts One through Four, the plaintiffs will seek punitive damages because the conduct at issue was either intentional or undertaken with deliberate and reckless indifference to the truth constituting actual malice.

78. As to Counts Five through Eleven, the plaintiffs will seek compensatory damages.

WHEREFORE, the plaintiff seeks damages and injunctive relief as follows:

    A.  Compensatory and economic damages in an amount deemed fair, just and reasonable;

    B.  Statutory punitive damages;

    C.  A declaratory judgment invalidating Defendant Elicker's ten-person order as unconstitutional and an injunction permanently staying its enforcement.

    D.  A declaratory judgment invalidating Governor Lamont's restrictions on businesses and gatherings as unconstitutional and an injunction permanently staying their enforcement.

    E.  Such other relief as this Court deems fair and equitable.

## <u>CLAIM FOR A JURY TRIAL</u>

The plaintiff claims trial by jury in this case.

THE PLAINTIFFS

By <u>/s/ Kevin M. Smith /s/</u>
        KEVIN SMITH
        Pattis & Smith, LLC
        383 Orange Street
        New Haven, CT 06511
        203.393.3017
        203.393.9745 (fax)
        Juris No. 427828
        Ksmith@Pattisandsmith.com